**Order filed July 17, 2014**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-14-00515-CV

———————

### IN THE ESTATE OF ADEL SHESHTAWY, DECEASED

**On Appeal Probate Court No 1**
**Harris County, Texas**
**Trial Court Cause No. 407,499-406**

## ORDER

On July 2, 2014, appellant filed a notice of appeal in this court challenging the trial court's June 27, 2013, order to pay costs. Because the notice of appeal seeks review of the trial court's ruling on appellant's claim of indigence, it is properly consider a motion to review. *See* Tex. R. App. P. 20.1(j)(1). The motion was filed within 10 days of the trial court's order. *See* Tex. R. App. P. 20.1(j)(2). When a motion to review the trial court's ruling on indigence is filed, the trial court clerk and the court reporter must prepare, certify, and file the record of the hearing on the contest to the claim of indigence within three days after the motion is filed. *See* Tex. R. App. P. 20.1(j)(3). No record has been filed.

Rule 20.1 provides that if the appellate court does not deny a motion within 10 days after the motion is filed, this motion is granted by operation of law. Tex. R. App. P. 20.1(j)(4). This new rule places a heavy burden on the trial court clerk and the court reporter to act expeditiously in preparing, certifying, and filing the hearing record. If the trial court clerk and the court reporter do not file the hearing record within 10 days after the filing of the motion, as in this case, this court has no ability to review the merits of the motion, and the motion is granted by operation of law regardless of whether the motion has merit. Tex. R. App. P. 20.1(j)(4).

More than 10 days have passed since the motion was filed, and appellant's motion was granted by operation of law. Accordingly, appellant may proceed on appeal without the advance payment of costs.

Therefore, we ORDER the Harris County District Clerk and the official court reporter, Donald G. Pylant, to prepare, certify, and file the appellate record without the advance payment of costs. See Tex. R. App. P. 20.1(k). The record will be due in this court in 60 days.


PER CURIAM